UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JACK JENKINS, individually and on behalf
of all other persons similiarly situated,

                             Plaintiff(s),                    **ORDER**
                                                         CV 10-3753 (ADS) (WDW)
      -against-

THE TJX COMPANIES, INC. and
HOMEGOODS, INC.,

                             Defendant(s).
----------------------------------------------------------X

**WALL, Magistrate Judge:**

Before the court is plaintiff Jack Jenkins's letter motion to compel certain discovery. Docket Entry ("DE") [20]. Defendants TJX Companies, Inc. and HomeGoods, Inc. (collectively "HomeGoods") have opposed the motion. DE [21]. In addition to the motion to compel, plaintiff submitted a letter motion for permission to submit a reply, to which he attached the proposed reply. DE [23]. Not to be outdone, defendants filed a letter opposing the motion, and included language essentially constituting a sur-reply. DE [24]. Plaintiff's motion for permission to file a reply is denied, and neither the reply nor the sur-reply will be considered. Plaintiff's motion to compel is also denied for the reasons set forth herein.

Plaintiff, an Assistant Store Manager at a HomeGoods store located in Rockville Centre, New York, claims that he and other similarly situated employees were improperly classified as exempt employees and, as a result, did not receive overtime pay for the hours worked beyond 40 hours each week. He has asserted both a Section 216 claim for a collective action under the Fair Labor Standards Act ("FLSA claim"), and a Rule 23 class action for his New York Labor Law claim (referred to herein as the "Rule 23 claim"). Plaintiff, who has not sought conditional

certification for either claim, seeks pre-certification discovery from HomeGoods regarding the identity of "all New York Assistant Store Managers employed by Defendants from August 16, 2004 to date." DE [20] at 2. Plaintiff's stated reason for the discovery is to identify class members for his Rule 23 claim, not his FLSA claim.[1] Defendants have identified the other Assistant Store Managers from the Rockville Centre store where plaintiff worked, but object to expanding that production to employees within the entire state of New York. This information is the subject of the motion to compel.

Rule 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 23 (b)(1). The Supreme Court has ruled that class members' names and addresses are generally not "relevant" within the meaning of Rule 26 and do not fall "within the scope of legitimate discovery." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 353-54 (1978). The *Oppenheimer* Court suggested that there could be instances in which a party successfully argued that potential class member information was relevant, but concluded that "it may be doubted whether any of these purposes would require compilation of the names and addresses of *all* members of a large class." *Id.* at n.20 (emphasis in original) (citation omitted). The inquiry here is whether plaintiff has established the relevance of the information he seeks to discover within the meaning of Rule 26.

Courts in this district have suggested that a plaintiff seeking pre-certification discovery of putative class member contact information in the Rule 23 context may have a purpose beyond establishing his or her own claim. For example, "[c]ourts have ordinarily refused to allow

---

[1] As plaintiff has not sought production of potential members of the collective action under the FLSA, the court will not conduct any analysis of the appropriateness of such a request.

discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." *Dziennik v. Sealift, Inc.,* 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006) (citations omitted); *see also Calabrese v. CSC Holdings, Inc.,* 2007 WL 749690, at *6 n.7 (E.D.N.Y. 2007) (noting that as opposed to a defendant seeking the names of potential class members, it is more common for plaintiffs to "seek the names of [nonparty potential class members] in an attempt to broaden their class, a tactic courts disfavor").

Plaintiff argues that he must be allowed discovery regarding other employees so that he will be able to satisfy the predominance requirement of Rule 23 that mandates that the party seeking class certification show that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). Under plaintiff's interpretation of the recent Second Circuit decision of *Myers v. Hertz Corp.,* 624 F.3d 537 (2d. Cir. 2010), he will be unable to establish the predominance of common questions of law or fact unless he is able to conduct discovery from putative class members. Defendant argues that such a reading of *Myers* would entitle any plaintiff asserting that he or she was improperly classified as "exempt" to discover contact information without any further showing.

In *Myers*, the court found that plaintiff had not sustained her burden of demonstrating predominance where, on her certification motion, she had relied principally upon the deposition testimony of a single, presumably similarly situated, individual. The court concluded that the district court did not abuse its discretion in denying a class certification motion based on such evidence. *Myers,* 624 F.3d at 551. The court further discussed the type of evidence necessary

for class treatment of an exemption case, noting that such cases require "examination of the duties that the employee actually performs, and they involve evidence tending to show that the plaintiffs' jobs were similar in ways material to the establishment of the exemption criteria." *Id.* at 549 (citation and internal quotation omitted). The *Myers* court did not, however, discuss either the timing or the scope of this discovery. Although *Myers* indicates that plaintiff may ultimately be entitled to at least some of this information, it does not suggest that it must be produced automatically and without any evidentiary showing, nor does it suggest that he is entitled to contact information for the entire putative class.[2]

Here, plaintiff has not sought discovery through other means that would support his Rule 23 claim nor has he demonstrated that he is entitled to the putative class contact information. For example, there is no indication whether plaintiff has sought discovery from defendants, by interrogatory, document demand, or by Rule 30(b)(6) deposition, regarding whether there is a standard definition or classification of "Assistant Store Manager" at all defendants' stores, or whether exemption decisions are made on a national, regional, store, or individual employee basis. Balancing the plaintiff's need for the discovery to demonstrate predominance versus his need for the information in an attempt to simply broaden his class or gain access to potential opt-in plaintiffs for his FLSA collective action, I find that plaintiff must conduct some preliminary discovery before he can demonstrate his entitlement to the information he seeks under Rule 23.[3]

---

[2]As defendants suggest, such an interpretation is untenable in that it would require the *pro forma* production of the contact information for potential class members in any case regarding the misclassification of employees.

[3]Again, since plaintiff has not sought to conditionally "certify" the class for his FLSA collective action, nor has he sought the discovery for that claim, I do not address whether he would be entitled to contact information on that basis.

In other words, he has failed to establish at this stage that the discovery sought is relevant to his claims.

In addition to his reliance on the *Myers* decision, plaintiff cites two cases from the Southern District of New York in support of his contention that courts "routinely order production of class lists prior to certification." DE [20]. Both of those cases are clearly distinguishable from the instant case. One of the cases that granted the discovery did so specifically in regards to the FLSA claim and not the Rule 23 claim. *See Whitehorn v. Wolfgang's Steakhouse, Inc.,* 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010) (stating that as to the discovery of pre-certification contact information, "the weight of authority in this district counsels in favor of allowing such disclosure *in FLSA cases*" (emphasis added) (citations omitted)). In the second case relied upon by plaintiff, the court found that, based upon its interpretation of *Myers,* the identity of putative class members was relevant and thus ordered production of the names, addresses and dates of employment of approximately 1,500 putative class members. *Rancharan v. Family Dollar Stores, Inc.,* No. 10 Civ. 7580, slip op., DE [39] (S.D.N.Y. Jan. 5, 2011). In that case, however, the court itself noted that plaintiff had brought a Rule 23 claim only, and as there was no FLSA claim, "there is no possibility that Plaintiffs are seeking the list to solicit additional potential opt-ins." *Id.* at 5.[4]

Plaintiff does not, however, cite to a case in the Eastern District of New York provided by defendants.[5] In *Charles v. Nationwide Mutual Ins. Co.,* No. 09 CV 0094, slip op., DE [62]

---

[4] As the factual scenario makes *Rancharan* distinguishable, it is unnecessary to analyze whether that court's interpretation of *Myers* is incorrect, as defendants suggest.

[5] According to defense counsel, the same counsel representing plaintiff in this case unsuccessfully litigated the discovery motion in *Charles*. Plaintiff does not, however, cite this

(E.D.N.Y. May 27, 2010), the plaintiff brought both a Rule 23 claim under state law and an FLSA claim, and sought to compel production of putative class member contact information at the pre-certification stage of the litigation. Analyzing the discovery sought under both FLSA and Rule 23 standards, the court denied the motion to compel. *See also Dziennik,* 2006 WL 1455464, at *2 (denying discovery of pre-certification discovery of names and addresses in Rule 23 case and distinguishing it from FLSA case). As to the Rule 23 claim, the court found that while the discovery of contact information could be relevant under certain circumstances, the plaintiff's request was premature. *Charles,* slip op. at 14. The court went on to note that "plaintiff has failed to articulate a sufficient basis upon which this discovery is necessary at this time" and further noted that plaintiff could collect sufficient evidence through properly drafted discovery requests. *Id.* at 14-15 & n.9. Although *Charles* was decided prior to *Myers*, I find that its reasoning remains sound.

Based on the arguments presented, I find that plaintiff's request for contact information of putative Rule 23 class members is premature, and his motion is denied. Plaintiff may renew his motion at a later stage of these proceedings, if necessary.

Dated: Central Islip, New York  **SO ORDERED:**
April 25, 2011

       /s/ William D. Wall
       WILLIAM D. WALL
       United States Magistrate Judge

---

case in his submission, let alone attempt to distinguish it from the current case.