UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JACK JENKINS, Individually and on behalf of
all others similarly situated,

     Plaintiffs,    **MEMORANDUM OF**
             **DECISION AND ORDER**
    -against-    10-CV-3753 (ADS)(WDW)

THE TJX COMPANIES INC., and
HOMEGOODS, INC.,

    Defendants.
---------------------------------------------------------X
**APPEARANCES:**

**Hepworth, Gershbaum & Roth, PLLC**
*Attorneys for the Plaintiffs*
192 Lexington Avenue, Suite 802
New York, NY 10016
  By: Charles Gershbaum, Esq.
     Marc Scott Hepworth, Esq.
     David A. Roth, Esq., Of Counsel

**Klafter Olsen & Lesser LLP**
*Attorneys for the Plaintiffs*
Two International Drive, Suite 350
Rye Brook, NY 1057
  By: Seth R. Lesser, Esq.
     Fran L. Rudich, Esq.
     Michael John Palitz, Esq., Of Counsel

**Berger Attorney P.C.**
*Attorney for the Plaintiffs*
321 Broadway
New York, NY 10007
  By: Bradley Ian Berger, Esq., Of Counsel

1

**Littler Mendelson, P.C.**
*Attorneys for the Defendants The TJX Companies Inc. and HomeGoods, Inc.*
One International Place, Suite 2700
Boston, MA 02100
    By:  Gregory Clark Keating, Esq.
          Justin Robert Marino, Esq.
          Lisa Marie Griffith, Esq.
532 Broadhollow Road, Suite 142
Melville, NY 11747
    By:  John Thomas Bauer, Esq.
80 South 8th Street, Suite 1300
Minneapolis, MN 55402
    By:  Andrew Voss, Esq.
3344 Peachtree Road, Suite 1500
Atlanta, GA 30326
    By:  Lisa Schreter, Esq., Of Counsel

**SPATT, District Judge.**

Plaintiff Jack Jenkins filed a putative collective action suit against The TJX Companies Inc. ("TJX") and HomeGoods, Inc. ("HomeGoods") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the New York State Labor Law ("N.Y. Labor Law"), to recover unpaid overtime compensation. Presently before the Court are the following three motions: (1) the Plaintiff's motion for conditional certification of the class for the collective action and to facilitate notice under 29 U.S.C. § 216(b); (2) the Plaintiff's motion to strike affidavits submitted by the Defendants in opposition to its motion for conditional certification; and (3) the Defendants' cross-motion for attorney's fees and costs based on the Plaintiff's motion to strike.

For the reasons set forth below, the Court: (1) denies the Plaintiff's motion for conditional certification; (2) denies the Plaintiff's motion to strike as moot; and (3) denies the Defendants' cross-motion for attorneys fees and costs.

2

# I. BACKGROUND

The Plaintiff is an employee who worked for TJX and HomeGoods (collectively "the Defendants"). Beginning in February 2006, the Plaintiff was an Assistant Store Manager ("ASM") employed at HomeGoods' Rockville Centre location. In or about September 2008 (according to the Plaintiff) or sometime in 2007 (according to the Defendant) the Plaintiff was subsequently promoted to Store Manager ("SM") at HomeGoods' Port Washington location, where he was employed until July 2010.

On August 16, 2010, the Plaintiff commenced the present suit as a putative collective action against the Defendants. It is undisputed that the Defendants did not pay the Plaintiff overtime during his tenure as an ASM because the Defendants classify all ASMs as "exempt" from FLSA and N.Y. Labor Law overtime provisions. In his complaint, the Plaintiff alleges that the Defendants misclassified his position as "exempt" from FLSA and N.Y. Labor Law overtime provisions, and that all ASMs employed by HomeGoods were similarly mischaracterized in this manner.

One August 5, 2011, the Plaintiff moved to certify the collective action class to recover overtime pay under the FLSA and to facilitate notice under 29 U.S.C. § 216(b). The Plaintiff named as a class for the collective action "all persons employed by the Defendants, outside of California, as assistant store managers, three years from the date of the order to the present." (Pl. Mem. In Supp. at 15.) The Defendants oppose the conditional certification. On September 9, 2011, the Plaintiff moved to strike the declarations submitted as exhibits to the Defendants' opposition to the Plaintiff's Motion for Conditional Certification. On September 26, 2011, the Defendants made a cross motion for attorneys' fees and costs.

## II. DISCUSSION

### A. Legal Standard

#### 1. The FLSA and the Executive Exemption

The FLSA, states in relevant part, that

> no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed

29 U.S.C. § 207(a)(1). Employees who work in a "bona fide executive … capacity" are exempted from the FLSA's overtime requirements. 29 U.S.C. § 213(a)(1). Employees are classified as executive if:

> they are "[c]ompensated on a salary basis"; 2) their "primary duty is management of the enterprise ... or of a customarily recognized department or subdivision thereof"; 3) they "customarily and regularly direct[ ] the work of two or more other employees"; and 4) they "ha[ve] the authority to hire or fire other employees or" if their "suggestions and recommendations" on personnel decisions "are given particular weight.

Myers v. Hertz Corp., 624 F.3d 537, 548 (2d Cir. 2010) (citing 29 C.F.R. § 541.100(a)(1)-(4)). The regulations list a non-exclusive set of characteristic management activities that can determine whether an employee's "primary duty is management." Id.

#### 2. Collective Action under the FLSA

28 U.S.C. § 216(b) provides that parties suing for relief under 28 U.S.C. §§ 206, 207, and 215(a)(3) may proceed "for and in behalf of himself or themselves and other employees similarly situated." A proceeding under this provision is traditionally termed a "collective action." Here, the Plaintiff seeks relief pursuant to Section 207 of the FLSA, which governs overtime compensation. Thus, the collective action provision of Section 216(b) is applicable.

A collective action under Section 216 is distinguishable in several ways from the more common class action under Rule 23 of the Federal Rules of Civil Procedure. First, a collective action requires class members to opt into the case, rather than opt out. See Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 367 (S.D.N.Y. 2007). In addition, a party seeking conditional certification of a collective action need not demonstrate the Rule 23 requirements of numerosity, commonality, typicality, and adequacy of representation. See Levinson v. Primedia Inc., No. 02-CV-2222, 2003 WL 22533428, at *1 (S.D.N.Y. Nov. 6, 2003) ("The strict requirements of Rule 23 of the Federal Rules of Civil Procedure do not apply to FLSA "collective actions," and thus no showing of numerosity, typicality, commonality and representativeness need be made." (citing Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).

### 3. Two Step Certification Approach

Certification of a collective action class is analyzed through a two step approach. The first step, called conditional certification, is generally completed prior to the commencement of any significant discovery. Lynch v. United Services Auto. Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). Once a court conditionally certifies a collective action, it may then facilitate notice to all of the putative class members by approving a notice form. Id., 491 F. Supp. 2d at 367 (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 173, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)).

The second step in collective action certification generally arises only after discovery is completed, and only if it appears that some or all members of a conditionally certified class are not similarly situated. In that case, a defendant may move to challenge certification, at which

point a court will conduct a more searching factual inquiry as to whether the class members are truly similarly situated. Id.

**B. Application of the Legal Standard**

Here, the Plaintiff is moving for pre-discovery conditional certification of the collective action class. The parties dispute whether the Plaintiff has met his burden of showing that he and the putative class are similarly situated.

The FLSA and its subsequent implementing regulations do not define the term "similarly situated." Where, as here, the Plaintiff proposes a nationwide class, he must ultimately demonstrate a nationwide policy pursuant to which ASMs are assigned duties that render HomeGoods' exempt classification inappropriate. Vasquez v. Vitamin Shoppe Industries Inc., No. 10-CV-8820, 2011 WL 2693712, at *3 (S.D.N.Y. Jul. 11, 2011) ("As Plaintiff proposes a nationwide class, he bears the burden of showing a nationwide policy or plan pursuant to which SMs are assigned duties that render inappropriate Vitamin Shoppe's exempt classification of the SM position."). At the conditional certification stage, this burden is not high. The Plaintiff need only make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998); See Lujan v. Cabana Mgmt., Inc., No. 10-CV-755, 2011 WL 317984, at *4 (E.D.N.Y. Feb. 1, 2011) ("at the notice stage, however, courts in this circuit apply a lenient standard").

The Plaintiff contends that he and the putative class are similarly situated because all ASMs were subject to uniform formal policies. To support his motion, the Plaintiff provides extensive evidence that HomeGoods has a uniform formal policy as to the job duties of ASMs nationwide, which include the following: (1) HomeGoods' has one set of management training

materials nationwide, (Pl. Ex. D at 101); (2) all locations rely on a single written job description for each category of ASM (Pl. Ex A at 56, 63; Pl. Ex. E); and (3) as the Defendants' Rule 30(b)(6) witnesses testified to at their depositions, HomeGoods designates the same roles and responsibilities for all ASMs. (Pl. Ex. B at 22, 25–27).

Notably, the Plaintiff does not allege that HomeGoods' official, formal policy mandates non-exempt job duties and thus violates the FLSA in and of itself. Rather, the Plaintiff alleges that, in practice, he primarily performed non-exempt duties, such as cleaning, sweeping, bagging products, hanging store signs, taking out the garbage, and unloading the delivery truck. (Pl. Ex C at 88, 90, 113–15.) The Plaintiff's sole submission in support of the existence of a common de-facto policy requiring ASMs to perform non-exempt tasks is the Plaintiff's own deposition testimony, discussing his own personal experience. However, the Plaintiff provides no other affidavits, depositions, or even hearsay evidence that he was actually aware of other ASMs who also primarily performed non-exempt duties.

Indeed, the only evidence cited by the Plaintiff beyond his own deposition is an excerpt from a consultant's report purporting to show a breakdown of types of work performed by ASMs at unidentified HomeGoods stores. (Pl.'s Ex. G.) While it is possible that this report could reveal that other HomeGoods' ASMs predominantly performed non-exempt work, the Court simply cannot draw any conclusions from the one page of the report that has been provided to the Court, although the Court notes that other evidence submitted by the Plaintiff indicates that the Plaintiff is in possession of additional pages (See Deposition of David Glenn, Pl. Ex. D at 140–42). Although at this stage the Court would normally draw all inferences in favor of the Plaintiff, the excerpt is so vague that any inference the Court might draw would be completely speculative, especially considering that the Plaintiff failed to provide any context or explanation.

7

Nevertheless, the Plaintiff contends that such evidence beyond his own testimony is unnecessary at this stage because the existence of a common national formal policy regarding job responsibilities is sufficient on its own to satisfy the "similarly situated" requirement, even where the Plaintiff does not allege that the formal policy is itself illegal. The Plaintiff further argues that, because it is beyond dispute that other ASMs have similar official job requirements, pay schemes, and are classified as exempt, any further inquiry into whether the putative class members are "similarly situated" would be an impermissible ruling on the merits. The Court disagrees.

The Court notes that an inquiry into whether the Plaintiff has met his burden of showing that he and the putative class are "similarly situated", is not equivalent to a merits determination. Certification at the conditional stage "is not automatic." Vasquez, 2011 WL 2693712, at *3. The United States Supreme Court has held that district courts have the discretion to facilitate notice only "in appropriate cases." Sperling, 493 U.S. at 169. It is axiomatic that, even at this preliminary stage, the Court must find "'some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims" of a particular practice." Sbarro, 982 F. Supp. at 261 (quoting Heagney v. European Am. Bank, 122 F.R.D. 125, 127 (E.D.N.Y. 1988)); see Schwed v. Gen. Electric Co., 159 F.R.D. 373, 375–76 (N.D.N.Y. 1995) ("plaintiffs need only describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist").

While the burden on the plaintiff at the conditional certification stage is modest, "it is not non-existent." Khan v. Airport Mgmt Servs., LLC, No. 10-CV-7735, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011); Guillen v. Marshalls of MA, Inc. ("Guillen I"), 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010) ("In presenting evidence on the appropriateness of granting collective

action status, the plaintiff's burden may be very limited, and require only a modest factual showing, but the burden is not non-existent and the factual showing, even if modest, must still be based on some substance.") (internal quotation marks and citations omitted); Realite, 7 F. Supp. at 306 (the plaintiff must make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."); see also Laroque v. Domino's Pizza LLC, 557 F.Supp.2d 346, 352 (E.D.N.Y. 2008) ("At this preliminary stage, plaintiffs can satisfy their burden 'by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" (quoting Sbarro, 982 F. Supp. at 261). In this regard, the Court is not requiring the Plaintiff to conclusively demonstrate that every ASM at HomeGoods nationwide primarily performed non-exempt managerial duties, but rather only to make a "modest factual showing" that they were either subject to a common facially illegal or de facto illegal policy.

Here, the Court finds that the Plaintiff has failed to overcome this low threshold requirement for obtaining conditional class certification. As numerous courts in this Circuit have held, "the mere classification of a group of employees — even a large or nationwide group — as exempt under the FLSA is not by itself sufficient to constitute the necessary evidence of a common policy, plan, or practice that renders all putative class members as 'similarly situated' for § 216(b) purposes." Vasquez, 2011 WL 2693712, at *4 (citing Bramble v. Wal–Mart Stores, Inc., No. 09–CV–4932, 2011 WL 1389510, at *4 (E.D. Pa. Apr. 12, 2011)); Eng-Hatcher v. Sprint Nextel Corp., No. 07-CV-7350, 2009 WL 7311383, at *3 (S.D.N.Y. Nov. 13, 2009) (denying certification where the Plaintiff could only show a common presumptively legal official policy, and had nothing to support her allegations of the existence of an illegal de facto policy

other than her own deposition testimony); Brickey v. Dolgencorp., Inc., 272 F.R.D. 344, 348 (W.D.N.Y. 2011) (denying certification where the Plaintiff alleged that a facially lawful policy in practice indirectly encouraged illegal minimization of overtime).

Indeed, the notion that a plaintiff can satisfy his burden on a conditional certification motion merely by showing that he was subject to an illegal application of a common legal policy, are not supported by the Plaintiff's own cases. First, the Plaintiff cites to a number of cases that grant conditional class certification based on a common policy where that common policy is itself illegal, which the Plaintiff does not allege here. See, e.g., Realite, 7 F. Supp. 2d at 308 (noting that defendant itself believed that its policies had violated various labor laws); Jason v. Falcon Data Com, Inc., No. 09-CV-03990, 2011 WL 2837488, at *5 (E.D.N.Y. Jul. 18, 2011) (alleging that the official formal policy was itself problematic); Pippins v. KPMG LLP., No. 11-CV-0377, 2012 WL 19379, at *1 (S.D.N.Y. Jan. 3, 2012) ("if defendants admit that the actions challenged by plaintiffs reflect a company-wide policy, it may be appropriate to find plaintiffs similarly situated based solely on plaintiffs' substantial allegation") (citing Damassia v. Duane Reade, Inc., No. 04-CV-8819, 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006)); Lynch, 491 F. Supp. 2d at 360–61 (noting that the plaintiffs provided multiple affidavits from similarly situated investigators describing similar job duties and also alleged that the official formal policy was illegal); Young v. Cooper Cameron Corp., 229 F.R.D. 50, 53 (S.D.N.Y. 2005) (challenging the legality of the formal policy itself, where the defendant admitted that the plaintiffs actually performed duties that were typical of those in the same position).

Second, the Plaintiff cites to a number of cases where there was a legal common policy, but there was substantially more evidence of a de-facto illegal policy than in the instant case. See, e.g., Damassia v. Duane Reade, Inc., No. 04-CV-8819, 2006 WL 2853971, at *1 (S.D.N.Y.

Oct. 5, 2006) (noting that twenty plaintiffs claimed to be similarly situated); Ravenell v. Avis Budget Car Rental, LLC., No. 08-CV-2113, 2010 WL 2921508, at *5 (E.D.N.Y. Jul. 19, 2010) (submitting deposition testimony of multiple opt-ins); Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1264 (11th Cir. 2008) (evaluating certification at the second stage where there was already "robust evidence"); Yeboah v. Central Parking Systems, No. 06-CV-0128, 2009 WL 3459476, at *1 (E.D.N.Y. Oct. 27, 2009) (submitting affidavits from multiple parking managers in a suit limited to New York State); Ibea v. Rite Aid Corp., No. 11-CV-5260, 2012 WL 75426, at *3 (S.D.N.Y. Jan. 9 2012) (noting that the Plaintiff "produced testimony, cited by Judge Pitman, that other opt-ins performed the same duties as Ibea."); Zaniewski v. PRRC Inc., No. 11-CV-01535, 2012 WL 951936, at *14 (D. Conn. Mar. 20, 2012) (submitting declarations from five ASMs who had worked at 12 of the Defendant's 47 stores). Winfield v. Citibank, N.A., No. 10-CV-7304, 2012 WL 423346, at *6 (S.D.N.Y. Feb. 9, 2012) (providing multiple depositions showing that the formal policy resulted in FLSA violations in practice); Alli v. Boston Market Co., No. 10-CV-4, 2011 WL 4006691, at *3 (D. Conn. Sept. 8, 2011) (submitting testimony from multiple Plaintiffs who worked at multiple stores and official store policies were the same as those testified to by the Plaintiffs); Jacob v. Duane Reade, Inc., No. 11-CV-0160, 2012 WL 260230, at *2, 5 (S.D.N.Y. Jan. 27, 2012) (submitting evidence from multiple ASMs from over a dozen stores and challenged the Defendant's official job description). Raniere v. Citigroup, No. 11-CV-2448, 2011 WL 5881926, at *1, 8 (S.D.N.Y. Nov. 22, 2011)(submitting multiple affidavits and the defendant had subsequently reclassified some members of the class as non-exempt).

     As United States Magistrate Judge Gorenstein noted in a similar case involving ASMs at Marshalls, a different TJX subsidiary, the argument that a plaintiff need only show that he

performed tasks in contravention of a common legal policy "boils down to the proposition that any employee classified as exempt by a company that does business nationwide is entitled to approval of a collective action for all employees of that business — who may number in the thousands and be spread across 50 states — simply based on the employee's testimony that he was required to perform non-exempt tasks." Guillen v. Marshalls of MA, Inc. ("Guillen II"), No. 09-CV-9575, 2012 WL 117980, at *3 (S.D.N.Y. Jan. 13, 2012). As in Guillen II, the Court rejects this argument because "it ignores the requirement that plaintiff show he is similarly situated *to the employees he proposes to include in the collective action* with respect to his claim that he performed non-exempt duties." Id.

The Court also notes that another district court in this Circuit recently addressed similar factual circumstances. In Khan v. Airport Management Services, LLC, No. 10-CV-7735, 2011 WL 5597371 (S.D.N.Y. Nov. 16, 2011), the court similarly rejected the notion that the mere existence of a common formal policy is sufficient to certify a collective action. 2011 WL 5597371, at *4 ("We note as an initial matter that plaintiff's reliance on the centralized job descriptions maintained by defendants is misplaced."). The Court held that, where the plaintiff is not attacking the defendant's formal job policies, but rather is asserting that they were not given duties in compliance with those policies, "'it is not sufficient for [plaintiff] to show that he and the proposed class operated under the same job description.'" Id. (citing Guillen I, 750 F. Supp. 2d 469, 476 (S.D.N.Y.2010)). Rather, the court held that the plaintiff must demonstrate that he is similarly situated "'with respect to the claim that they were required to perform non-managerial job duties in contravention of the formal job description.'" Id.

In sum, the Plaintiff here has failed to provide any factual support for the contention that other ASMs at HomeGoods' stores in New York, let alone nationwide, primarily performed non-

exempt tasks. (Pl. Dep. at 323:22–324:15.) Rather, the Plaintiff offers only his own deposition testimony describing his personal circumstances at the stores at which he worked, and one page from a consultant's report without any explanation as to its context or relevance. Thus, at this stage, the Plaintiff has not provided the Court with anything other than conclusory allegations and his own deposition testimony to support his assertion that other HomeGoods' ASMs also primarily performed non-exempt job duties. On this meager basis, the Plaintiff asks the Court to certify a class consisting of over 700 employees at more than 200 stores nationwide.

"Although plaintiff'' burden at this stage of the proceedings is modest, the court cannot justify certifying a class of plaintiffs, likely numbering in the hundreds, on the basis of such thin factual support." Laroque, 557 F. Supp. 2d at 352; cf. See, e.g., Guillen II, 2012 WL 117980, at *1 (denying nationwide certification where the plaintiff relied on uniform corporate job requirements and affidavits from five ASMs from the New York City area); Guillen I, 750 F. Supp. 2d at 477 ("Thus, the fact that ASMs were responsible for performing non-exempt tasks in contravention of their written job requirements in nine stores in a particular metropolitan area, out of 820 stores nationwide, provides little basis to believe that Guillen is similarly situated to ASMs throughout the country with respect to his claim regarding ASM job responsibilities"); Vasquez, 2011 WL 2693712, at * 3 (denying conditional class certification of a proposed nationwide class at the first stage of the analysis because the plaintiff's "information and belief that there are 400 similarly situated employees throughout the United States", which was "buttressed only by a geographically concentrated cluster of SMs whom he claims were assigned duties inconsistent with their exempt classification—[was] too thin a reed on which to rest a nationwide certification.").

13

Accordingly, the Plaintiff's motion for conditional class certification is denied. However, the motion is denied without prejudice, with leave to re-file with additional evidentiary support for the assertion that there is a policy of the Defendants that in practice is in violation of FLSA and the N.Y. Labor Laws.

**C. The Plaintiff's Motion to Strike and the Defendant's Cross Motion for Attorneys' Fees**

The Defendants have submitted ten declarations from current HomeGoods employees, attached to their opposition to the Plaintiff's motion for conditional certification as Exhibits 12-21. The Plaintiff moves to strike these declarations and for attorney's fees and costs accrued in filing the motion to strike. The Defendants oppose this motion and make a cross motion for attorneys' fees. The Court did not rely on these affidavits in reaching its decision herein, and therefore, the motion to strike is denied as moot. Furthermore, upon review of the parties' submissions and the relevant caselaw, the Court finds that neither party is entitled to attorney's fees or costs with regard to the Defendants' filing of the declarations and the Plaintiff's motion to strike. Accordingly, the Court denies both parties request for attorney's fees and costs.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Plaintiff's motion for collective certification is DENIED without prejudice, with leave to re-file within twenty (20) days of the date of this Order; and it is further

**ORDERED** that the Plaintiff's motion to strike the Defendants' affidavits is DENIED as moot; and it is further

**ORDERED** that the Defendants' motion for attorney's fees and costs is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
March 31, 2012

                                                    __*/s/ Arthur D. Spatt*_____
                                                     ARTHUR D. SPATT
                                            United States District Judge